1  Karen Vogel Weil (SBN 145066)
   karen.weil@knobbe.com
2  Mark D. Kachner (SBN 234192)
   mark.kachner@knobbe.com
3  KNOBBE, MARTENS, OLSON & BEAR, LLP
   1925 Century Park East, Suite 600
4  Los Angeles, CA  90067
   Telephone:  (310) 551-3450
5  Facsimile:  (310) 551-3458

6  Erika N.D. Stanat (*pro hac vice* to be filed)
   Laura K. Schwalbe (*pro hac vice* to be filed)
7  HARTER SECREST & EMERY LLP
   1600 Bausch & Lomb Place
8  Rochester, NY  14604
   Telephone:  (585) 232-6500
9  Facsimile:  (585) 232-2152

10 Attorneys for Defendant SIVANTOS, INC.

11

12                 UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

14 DEBORAH M. MANCHESTER,          ) Case No.  2:17-cv-5309
        PH.D.,                     )
15                                 ) [Removal from Superior Court of
              Plaintiff,           ) California, County of Los Angeles, Case
16                                 ) No. BC 662610]
           v.                      )
17                                 ) **DEFENDANT SIVANTOS, INC.'S**
   SIVANTOS GMBH, a German         ) **NOTICE OF REMOVAL OF**
18      company;                   ) **ACTION UNDER 28 U.S.C. § 1441(b)**
   SIVANTOS, INC., a Delaware      ) **(DIVERSITY)**
19      corporation, and           )
   DOES 1-10, inclusive;          )
20                                 )
              Defendants.          )
21                                 ) **Complaint Filed May 24, 2017**
                                   )
22 _____ )

23

24

25

26

27

28

Defendant Sivantos, Inc. hereby removes this case from the Superior Court of the State of California, County of Los Angeles, in which it is now pending, to the United States District Court for the Central District of California. Removal is based on 28 U.S.C. §§ 1441 and 1446. In support thereof, Sivantos, Inc. states the following:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1.      On May 24, 2017, plaintiff Deborah M. Manchester, Ph.D. ("Plaintiff") commenced this action in the Superior Court of the State of California for the County of Los Angeles, captioned as *Manchester v. Sivantos GmbH et al.*, Case No. BC 662610.

2.      Plaintiff caused Defendant Sivantos, Inc. to be served with the Summons and Complaint on June 19, 2017. Sivantos, Inc. is filing this Notice of Removal within 30 days of that date; therefore, this Notice is timely. *See* 28 U.S.C. § 1446(b).

3.      Properly served defendants must consent to, and join in, the removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). But where an entity is named in a lawsuit, but is not properly served with process, its consent is not required for removal. *Moreno v. Taos County Bd. of Comm'rs*, 778 F. Supp. 2d 1139, 1142 (D.N.M. 2011); *Wolfe v. Green*, 660 F. Supp. 2d 738 (S.D.W.V. 2009).

4.      As set forth in Paragraphs 5-9 below, Plaintiff did not properly serve process on the other named defendant, Sivantos GmbH.

5.      Plaintiff filed a proof of service in the state court action, asserting that Sivantos GmbH was served by substitute service on "CT Corporation Systems Registered Agent." In addition, on July 12, 2017, Plaintiff's counsel sent a letter to Sivantos, Inc.'s attorney stating that "[u]nder California law,

/ / /

service on an American subsidiary through its designated agent for service constitutes effective service on a foreign corporation."

6.      However, Sivantos GmbH did not designate CT Corporation Systems, or any other entity, as its agent for service of process.  In addition, California law does not recognize service on a foreign corporation, merely by serving process on an American subsidiary.  *Gravely Motor Plow & Cultivator Co. v. H.V. Carter Co.*, 193 F.2d 158, 161 (9th Cir. 1951).

7.      California law does permit service on a foreign corporation by delivering a copy of the summons and the complaint to the foreign corporation's "general manager."  Cal. Civ. Proc. Code § 416.10(b).  But "service through a subsidiary as general manger requires a sufficiently close connection with the parent."  *U.S. ex rel. Miller v. Public Warehousing Co.*, 636 F. App'x 947, 949 (9th Cir. 2016) (sufficiency of connection depends on factors such as frequency and quality of contact, benefits in California that parent derives from subsidiary, and overall likelihood that service on subsidiary will provide actual notice to parent).  A U.S. subsidiary is not a "general manager" of a related foreign corporation when the entities do not have frequent quality contact and there is no evidence that the parent derives a benefit in California from the subsidiary. *Thomas v. Takeda Pharms. USA, Inc.*, No. 16-cv-01566, 2017 WL 2214956, at *5 (E.D. Cal. May 19, 2017) (interpreting "general manager" requirements to avoid finding that "any large subsidiary would be considered a 'general manager' of its parent."); *Tang v. CS Clean Sys. AG*, No. D052943, 2008 WL 5352253 (Cal. Ct. App. Dec. 23, 2008) (no "general manager" relationship where U.S. entity did not have management responsibilities regarding the operations at issue in plaintiff's lawsuit); *cf. Brighton Collectibles, Inc. v. Winston Brands, Inc.*, No. 11-cv-2191, 2013 WL 394060, at *5 (S.D. Cal. Jan. 30, 2013) ("general manager" relationship requires U.S. entity to create a channel for continual flow of the foreign entity's business into California);

*Khachatryan v. Toyota Motor Sales U.S.A., Inc.*, 578 F. Supp. 2d 1224, 1227 (C.D. Cal. 2008) ("general manager" relationship found where U.S. entity provides the foreign company with "substantially the business advantages that it would have enjoyed if it conducted its business through its own offices or paid agents in the state.")

8.     Here Sivantos, Inc. is not a "general manager" for Sivantos GmbH under Cal. Civ. Proc. Code § 416.10(b).   Sivantos, Inc. does not offer any business advantage in California for Sivantos GmbH.   Sivantos, Inc. does not conduct any U.S. business operations on behalf of Sivantos GmbH.   Sivantos, Inc. offers no product or service on behalf of Sivantos GmbH.

9.     Because California law does not permit service on Sivantos GmbH by service on Sivantos, Inc., Plaintiff's attempted service on Sivantos GmbH was ineffective.

10.     Notwithstanding Plaintiff's ineffective attempted service on Sivantos GmbH, Sivantos, Inc. contacted Sivantos GmbH concerning its intent to remove this action to Federal Court.

11.     Sivantos GmbH consented to removal of this action to Federal Court.

12.     Sivantos GmbH's consent does not waive its right to object based on ineffective service, lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted, and it specifically reserves the right to assert any and all defenses and objections to which it may be entitled.

13.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other papers served on Sivantos, Inc. are attached hereto as Exhibit A.

14.     No previous request has been made for the relief requested herein.

15.     No other pleading or order has been filed in the State Court in this case as of the date of the filing of this Notice of Removal, and, therefore, all of

the process, pleadings, and orders served in this action have been attached to this Notice of Removal as required by 28 U.S.C. § 1446(a).

16.     The United States District Court for the Central District of California is the District Court of the United States for the district embracing the place where the State Court action is pending.

17.     Concurrent with the filing of this Notice, Sivantos, Inc. is serving this Notice on Plaintiff's counsel, as required by 28 U.S.C. § 1446(d).

18.     By filing a Notice of Removal in this matter, Sivantos, Inc. does not waive its right to object based on lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted, and it specifically reserves the right to assert any and all defenses and objections to which it may be entitled.

## II.  THIS COURT HAS SUBJECT MATTER JURISDICTION

19.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441 because the action could have been filed in this Court under 28 U.S.C. § 1332.  *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001).  This is a civil action in which there is complete diversity of citizenship between the Plaintiff and Sivantos, Inc., and the amount-in-controversy exceeds the sum of $75,000, exclusive of costs and interest.

## A.  The Amount in Controversy Requirement Is Satisfied

20.     The allegations in Plaintiff's Complaint demonstrate that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

21.     Plaintiff's second claim for relief (Misappropriate of Trade Secrets) alleges that Plaintiff is entitled to general, special, and consequential damages in the amount of $50,000,000, as well as exemplary damages, reasonable attorney's fees, disgorgement of profits, and an injunction.

/ / /

22.     Plaintiff's third claim for relief (Fraudulent Misrepresentation) alleges that Plaintiff is entitled to general, special, and consequential damages in the amount of $50,000,000, as well as punitive damages and disgorgement of profits.

23.     For these reasons, the amount in controversy requirement under 28 U.S.C. § 1332(a) is satisfied.

**B.     There Is Complete Diversity of Citizenship between Plaintiff and Sivantos, Inc., the Only Defendant Served in This Case**

24.     Plaintiff alleges that she resides in Studio City, Los Angeles, California 91604.  (Compl. ¶ 10.)  Thus, Plaintiff is a citizen of the State of California.

25.     Sivantos, Inc., the only defendant served to date, is a Delaware corporation with its principal place of business in New Jersey.  (*Id*. ¶ 12.)  Thus, Sivantos, Inc. is a citizen of Delaware and New Jersey.  28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 84-92 (2010) (for the purposes of diversity jurisdiction, a corporation's citizenship is in the state of its incorporation and principal place of business).

26.     Plaintiff alleges that Sivantos GmbH, a named co-defendant in this case, is organized under the laws of Germany with its principal place of business in Germany.  As explained in paragraphs 4-9 above, Sivantos GmbH has not been properly served.

27.     Plaintiff makes no allegations regarding the citizenship of the "Doe" defendants.  (*Id*. ¶ 17.)  For the purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded."   28 U.S.C. § 1441(b)(1); *accord Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002).  Therefore, the citizenship of Does 1-10 alleged in the Complaint should be disregarded for the purposes of diversity.

/ / /

### III.  <u>CONCLUSION</u>

28.     WHEREFORE, this action is removed from the Superior Court of the State of California, Los Angeles County, to the United States District Court for the Central District of California.

KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  July 19, 2017          By:  /s/ *Mark D. Kachner*
                                        Karen Vogel Weil
                                        Mark D. Kachner
                                        Attorneys for Defendant SIVANTOS, INC.